**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **REEL GRIP, LTD.** | ) | |
| 1734 Wall Rd, | ) | **CASE NO.** |
| Suite B | ) | |
| Wadsworth, Ohio 44281 | ) | **JUDGE:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WAL-MART STORES, INC.** | ) | **COMPLAINT FOR PATENT** |
| Address 1: | ) | **INFRINGEMENT; TRADE DRESS** |
| 702 SW 8th Street | ) | **INFRINGEMENT; UNFAIR** |
| Bentonville, Arkansas 72716-8611 | ) | **COMPETITION; DECEPTIVE TRADE** |
| | ) | **PRACTICES; AND TRADEMARK** |
| Address 2: | ) | **INFRINGEMENT** |
| c/o Statutory Agent | ) | |
| CT Corporation System | ) | **JURY DEMAND ENDORSED HEREON** |
| 1300 East 9th Street | ) | |
| Cleveland, Ohio 44114 | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff Reel Grip, Ltd. ("Plaintiff" or "Reel Grip, Ltd.") brings this Complaint for patent infringement, trade dress infringement, unfair competition, deceptive trade practices, and trademark infringement against Defendant Wal-Mart Stores, Inc.  ("Defendant" or "Wal-Mart"), and states as follows:

**THE PARTIES**

1.     Reel Grip, Ltd. is an Ohio limited liability company which has its principal place of business located at 1734 Wall Street, Suite B, Wadsworth, Ohio 44281.

2.     Wal-Mart is public corporation which has its headquarters located at 702 SW 8th Street, Bentonville, Arkansas 72716-8611 and is licensed to, and does, do business in Ohio.

3.     Wal-Mart asserts that it helps people around the world save money in retail stores, online, and through their mobile devices.  Wal-Mart asserts that, each week, more than 245 million customers and members visit its nearly 11,000 stores in 27 countries and e-commerce websites in 10 countries. Wal-Mart asserts that its fiscal year 2014 sales were approximately $473 billion and that Wal-Mart employs 2.2 million associates worldwide.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, in that this is an action between the citizens of different States (with an amount in controversy exceeding $75,000), and because this action includes claims of patent infringement arising under the patent laws of the United States pursuant to 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271, and claims under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

5.     This Court possesses personal jurisdiction over Wal-Mart because Wal-Mart does business in the State of Ohio and sells and markets its products in the State of Ohio.

6.     Venue is proper in this Court under 28 U.S.C. § 1391 and 28 U.S.C. § 1400 because Wal-Mart is subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to the infringement at issue occurred in this judicial district, as, upon information and belief, Wal-Mart is selling and marketing its infringing products, and performing the actions set forth herein, in this judicial district.

## FACTUAL BACKGROUND

7.     Reel Grip, Ltd. has invented and developed a grip for a fishing reel handle knob, which fits existing bait cast handles and provides additional comfort and grip (the "Reel Grip$^{TM}$

2

Product"). Since 2005, this grip has been and is known and sold under the Reel Grip™ common law trademark internationally and throughout the United States, both in retail establishments and via the internet.

8.      Generally, the Reel Grip™ Product includes a tubular-shaped main wall having a longitudinally extending central axis, forming a longitudinally extending interior passage sized and shaped for receiving the handle knob and gripping flanges extending from an exterior surface of the main wall. The main wall and the gripping flanges, in the exemplary embodiment, are formed of a flexible material so that the Reel Grip™ Product is secured to the handle knob with elastic action and the gripping flanges deform when the knob is grasped by the user.

9.      One version of the Reel Grip™ Product in its retail packaging is depicted below:



10.     Reel Grip, Ltd. has secured U.S. patent protection, U.S. Patent No. 7,494,081 ("the '081 Patent"), for a handle rod assembly and a fishing reel which include, among other components, the Reel Grip™ Product. A true and accurate copy of the '081 Patent is attached hereto as "**Exhibit A.**" The '081 Patent was issued on February 24, 2009.

11.     Reel Grip, Ltd. is the owner of the '081 Patent and the patent number is identified on the packaging of the Reel Grip™ Product, pursuant to 35 U.S.C. § 287.

12.     Wal-Mart has infringed and continues to infringe (infringement being defined to include direct, active inducement, and/or contributory infringement) the '081 Patent.  Wal-Mart's acts of infringement generally include contributory infringement through the selling of a nearly identical product to the Reel Grip™ Product, including a product branded "Outdoor Angler" which is described by its packaging as "Reel Knob Covers" (the "Reel Knob Covers") and the inducement of others to infringe the '081 Patent through the use of Reel Knob Covers, all without Reel Grip, Ltd.'s authority or license.

13.     The Reel Knob Covers, as sold by Wal-Mart in its retail packaging, are depicted below:



14.    Wal-Mart has and continues to induce third-parties, including its customers, to directly infringe at least one claim of the '081 Patent by encouraging the use of the Reel Knob Covers in conjunction with handle arm assemblies, fishing reels, and other pertinent elements claimed in the '081 Patent.

15.    Upon information and belief, Wal-Mart intended and intends that third parties, including its customers, directly infringe the '081 Patent and that Wal-Mart knew and knows that the acts of such third-parties constitute infringement.

16.    Wal-Mart has and continues to contributorily infringe at least one claim of the '081 Patent by selling, offering for sale, and/or importing into the United States its Reel Knob Covers.

17.    The Reel Knob Covers are specially made and adapted for infringing the '081 Patent, are not staple articles or commodities of commerce, and have no substantial suitable non-infringing uses.

18.    Wal-Mart's infringing activities have caused the direct infringement of the '081 Patent by third-parties, including customers of Wal-Mart who have purchased the Reel Knob Covers.

19.    Wal-Mart's infringement of the '081 Patent has been and continues to be intentional, willful, and deliberate.

20.    Reel Grip, Ltd. owns the exclusive trademark rights for the mark Reel Grip™ and indicates the Reel Grip™ Product as such.

21.    Since 2005, Reel Grip, Ltd. has invested substantially in promoting the Reel Grip™ Product, including advertising it over the internet, in magazines, in international sports

fishing catalogs, and utilizing sales representatives and agents both nationally and internationally.

22.    Reel Grip, Ltd. sells and markets the Reel Grip™ Product throughout wide geographic areas, and the Reel Grip™ Product has been sold by numerous retailers, including Cabela's® and Bass Pro Shops®.  The Reel Grip™ Product is well-known in the industry, and has been the subject of testimonials by professional fishermen, including Dave Lefebre.

23.    The Reel Grip™ Product has a distinct appearance and is immediately recognizable to customers by its appearance.  The distinctive appearance is due to the pattern and shape of the product and other factors, as set forth in this Complaint.

24.    The distinctive trade dress of the Reel Grip™ Product (the "Reel Grip™ Trade Dress") includes, but is not limited to, a tube-shaped body with approximately eleven flanges extending outward, equidistantly placed from one another, rising from the body of the tube at a height of approximately 1.35 millimeters each, with the topmost and bottommost ends of the body not having such flanges; packaging in groups of two, with each product individually viewable and encased in clear plastic; and various colorings and decorations of the product.

25.    The Reel Grip™ Trade Dress is not functional and is not essential to the use or purpose of the Reel Grip™ Product and it does not affect the cost or quality of the product.  The Reel Grip™ Trade Dress is not essential to the use or purpose of the Reel Grip™ Product.  Real Grip, Ltd.'s exclusive use of the Reel Grip™ Trade Dress does not put its competitors at a significant non-reputation-related advantage.

26.    Reel Grip, Ltd. has recently discovered that Wal-Mart has copied the Reel Grip™ Product, and is using in commerce a confusingly similar trade dress in connection with the sale of the Reel Knob Covers.

27.    In its sale of Reel Knob Covers, Wal-Mart copies distinctive and non-functional elements of the Reel Grip$^{TM}$ Trade Dress, including but not limited to a tube-shaped body with approximately eleven flanges extending outward, equidistantly placed from one another, rising from the body of the tube at a height of approximately 1.35 millimeters, with the top and bottom of the body not having such flanges;  packaging in groups of two, with each product individually encased in clear plastic; and various colorings and decorations of the product.

28.    In selling Reel Knob Covers, Wal-Mart has and continues to falsely identify the Reel Knob Covers as being "Reel Grips."  In its product identification stickers placed directly above the Reel Knob Covers on Wal-Mart's retail shelving, Wal-Mart falsely identifies the "Reel Knob Covers" as "Reel Grips."  An illustrative photograph is depicted below:



29.    Upon purchasing the Reel Knob Covers, Wal-Mart provides a receipt which falsely states that "Reel Grips" were purchased when, in fact, Reel Knob Covers were purchased. An illustrative photograph of a receipt dated August 20, 2014 for the purchase of Reel Knob Covers from a Wal-Mart store is depicted below:



30.    Wal-Mart also operates a website, the link to which is www.walmart.com. Typing "Reel Grip" in the search tool on such website leads to a "results" page which includes the Reel Knob Covers, but falsely identifies them as "Reel Grips."  At present, the website states that such product is "discontinued per vendor."  Upon information and belief, prior to posting the "discontinued per vendor" message, Wal-Mart's website linked users searching under the term "Reel Grip" to the same webpage in which Wal-Mart sold its Reel Knob Covers under the guise of being "Reel Grips."

8

31.     Wal-Mart's actions, as discussed above, have caused Reel Grip, Ltd. to suffer, and continue to suffer, substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the actions of Wal-Mart.

32.     Upon information and belief, Wal-Mart has profited from and will continue to profit from its above actions.

33.     Reel Grip, Ltd. is and will continue to be irreparably harmed by Wal-Mart's above-described actions, which will continue unless enjoined by this Court.

## COUNT ONE
### (Infringement of the '081 Patent)

34.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

35.     Without the authorization, consent, or permission of Reel Grip, Ltd., Wal-Mart has willfully infringed and continues to infringe pursuant to 35 U.S.C. § 271 *et seq.* — contributorily and by active inducement — one or more claims of the '081 Patent, by making, offering to sell, selling, supplying, and causing to be used, in the United States, Reel Knob Covers which are used to infringe one or more claims of the '081 Patent.

36.     Unless enjoined, Wal-Mart will continue to infringe the '081 Patent, including without limitation, by — without Reel Grip, Ltd.'s authority — making, selling, offering to sell and/or using Reel Knob Covers, which will cause great loss and irreparable harm (for which there is no remedy at law) to Reel Grip, Ltd.

37.     As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of

infringement by Wal-Mart.  Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further infringement.

38.     Upon information and belief, Wal-Mart's infringement was and is willful and was done and is done with full knowledge of the existence of the '081 Patent, which justifies an assessment of treble damages under 35 U.S.C. § 284 and also qualifies as an exceptional case in support of an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## COUNT TWO
### (Trade Dress Infringement )

39.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

40.     The Reel Grip$^{TM}$ Trade Dress has acquired distinctiveness as a trademark and is not functional.

41.     Wal-Mart copied, adopted, and used in commerce the Reel Knob Covers, in conjunction with Wal-Mart's product identification, packaging, receipts, and website identification, after Reel Grip, Ltd. adopted and used its Reel Grip$^{TM}$ Trade Dress in commerce and after the Reel Grip$^{TM}$ Trade Dress acquired distinctiveness as a trademark.

42.     Upon information and belief, Wal-Mart intentionally and willfully copied the Reel Grip$^{TM}$ Trade Dress for the purpose of trading upon the goodwill symbolized by the Reel Grip$^{TM}$ Trade Dress.

43.     The Reel Knob Covers, their product identification, packaging, receipts, and website identification, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Wal-Mart's goods in violation of 15 U.S.C. § 1125.

44.     Unless enjoined, Wal-Mart will continue to infringe the Reel Grip™ Trade Dress, including without limitation, by — without Reel Grip, Ltd.'s authority — making, selling, offering to sell and/or using Reel Knob Covers, which will cause great loss and irreparable harm (for which there is no remedy at law) to Reel Grip, Ltd.

45.     As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of infringement by Wal-Mart.  Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further infringement.

46.     Upon information and belief, Wal-Mart's infringement was and is willful and was and is done with full knowledge of the Reel Grip™ Trade Dress, which justifies an assessment of treble damages under 15 U.S.C. § 1117 and also qualifies as an exceptional case in support of an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## COUNT THREE
### (Unfair Competition — 15 U.S.C. § 1125(a))

47.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

48.     Through its above practices, Wal-Mart has committed, and continues to commit, unfair competition in violation of 15 U.S.C. § 1125(a).

49.     Wal-Mart's sale of the Reel Knob Covers and representations as to product identification, receipts, and website identification, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Wal-Mart's goods, and falsely

represent to the public that the Reel Knob Covers are products manufactured by Reel Grip, Ltd., when they are not.

50.  Upon information and belief, Wal-Mart intentionally and willfully copied Reel Grip, Ltd.'s product and name.

51.  Unless enjoined, Wal-Mart will continue its unfair competition, which will cause great loss and irreparable harm (for which there is no remedy at law) to Reel Grip, Ltd.

52.  As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of unfair competition by Wal-Mart.  Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further unfair competition.

53.  Upon information and belief, Wal-Mart's unfair competition was and is willful, and Wal-Mart acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm and has caused substantial harm, which justifies an assessment of treble damages under 15 U.S.C. § 1117, punitive damages, and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## COUNT FOUR
### (Deceptive Trade Practices — O.R.C. § 4165.01 *et seq.*)

54.  Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

55.  Through its above practices, Wal-Mart has committed, and continues to commit, deceptive trade practices in violation of Ohio Revised Code § 4165.01 *et seq.*

56.     Wal-Mart's sale of the Reel Knob Covers and representations as to product identification, receipts, and website identification, are likely to cause confusion, or to cause misunderstanding, or to deceive as to the source, sponsorship, approval, or certification of Wal-Mart's goods, and falsely represent to the public that the Reel Knob Covers are products manufactured by Reel Grip, Ltd., when they are not.

57.     Upon information and belief, Wal-Mart intentionally and willfully copied Reel Grip, Ltd.'s product and name.

58.     Unless enjoined, Wal-Mart will continue its deceptive trade practices, which will cause great loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

59.     As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the deceptive trade practices by Wal-Mart.  Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further deceptive trade practices.

60.     Upon information and belief, Wal-Mart's deceptive trade practices were and are willful, and Wal-Mart acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm and has caused substantial harm, which justifies an assessment of punitive damages and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action under O.R.C. § 4165.03.

**COUNT FIVE**
**(Unfair Competition — Ohio Common Law)**

61.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

62.     Through its above practices, Wal-Mart has committed, and continues to commit, unfair competition in violation of the common law of Ohio.

63.     Wal-Mart's sale of the Reel Knob Covers and representations as to product identification, receipts, and website identification, are likely to cause confusion, or to cause misunderstanding, or to deceive as to the source, sponsorship, approval, or certification of Wal-Mart's goods, and falsely represent to the public that the Reel Knob Covers are products manufactured by Reel Grip, Ltd., when they are not.

64.     Upon information and belief, Wal-Mart intentionally and willfully copied Reel Grip, Ltd.'s product and name.

65.     Unless enjoined, Wal-Mart will continue its unfair competition, which will cause great loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

66.     As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of unfair competition by Wal-Mart.  Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further unfair competition.

67.     Upon information and belief, Wal-Mart's unfair competition was and is willful, and Wal-Mart acted with malice, fraud, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm, which justifies an assessment of

punitive damages and also an award of reasonable attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

**COUNT SIX**
**(Trademark Infringement — Ohio Common Law)**

68.     Reel Grip, Ltd. incorporates by reference the preceding paragraphs as if fully set forth herein.

69.     Through its above practices, Wal-Mart has committed, and continues to commit, trademark infringement under the common law of Ohio.

70.     Wal-Mart's sale of the Reel Knob Covers and representations as to product identification, receipts, and website identification, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Wal-Mart's goods, and falsely represent to the public that the Reel Knob Covers are products manufactured by Reel Grip, Ltd., when they are not.

71.     Wal-Mart has and continues to reproduce, copy, or colorably imitate the Reel Grip$^{TM}$ trademark, and has applied and continues to apply the Reel Grip$^{TM}$ trademark to labels, signs, and receipts intended to be used on or in conjunction with the sale and/or distribution of the Reel Knob Covers.

72.     Upon information and belief, Wal-Mart intentionally and willfully copied the Reel Grip$^{TM}$ trademark.

73.     Unless enjoined, Wal-Mart will continue to infringe on the Reel Grip$^{TM}$ trademark, which will cause great loss and irreparable harm (for which there is no adequate remedy at law) to Reel Grip, Ltd.

74.     As a result of Wal-Mart's actions, Reel Grip, Ltd. has suffered and will continue to suffer substantial harm, including irreparable harm and money damages, including but not

15

limited to the loss of sales and profits which Reel Grip, Ltd. would have made but for the acts of infringement by Wal-Mart. Such injury and damage will continue unless Wal-Mart is enjoined by this Court from further trademark infringement.

75. Upon information and belief, Wal-Mart's trademark infringement was and is willful, and Wal-Mart acted with malice, bad faith, and/or a conscious disregard for the rights of Reel Grip, Ltd. which had a great probability of causing substantial harm, which justifies an assessment of punitive damages and also an award of reasonably attorney's fees, expenses, and costs incurred by Reel Grip, Ltd. in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Reel Grip, Ltd. prays for judgment against the Wal-Mart as follows:

(a) Enter Judgment that Wal-Mart has infringed the '081 Patent;

(b) Enter Judgment that Wal-Mart has infringed the Reel Grip$^{TM}$ Trade Dress;

(c) Enter Judgment that Wal-Mart committed unfair competition in violation of 15 U.S.C. § 1125(a);

(d) Enter Judgment that Wal-Mart has committed deceptive trade practices in violation of R.C. § 4165.01 *et seq.*;

(e) Enter Judgment that Wal-Mart has committed the tort of unfair competition under Ohio common law;

(f) Enter Judgment that Wal-Mart has committed trademark infringement in violation of Ohio common law;

(g) Issue an Order directing Wal-Mart, and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them who receive actual notice of the Order, to destroy all infringing products, including the Reel Knob Covers, as well as any

16

machinery, tooling, or software specifically and solely directed at the manufacture and/or creation of such products;

(h)     Preliminarily and permanently enjoin Wal-Mart, and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them who receive actual notice of the Order, from: (1) importing, manufacturing, using, selling and/or offering for sale products which infringe upon the '081 Patent; (2) infringing the Reel Grip™ Trade Dress; (3) committing further unfair competition in relation to the sale of the Reel Knob Covers; (4) committing further deceptive trade practices in relation to the sale of the Reel Knob Covers; and (5) committing further trademark infringement in relation to the sale of the Reel Knob Covers.

(i)     Issue an Order for an accounting of all earnings achieved by Wal-Mart as a consequence of Wal-Mart's infringement of the '081 Patent; infringement of the Reel Grip™ Trade Dress; unfair competition; deceptive trade practices; and trademark infringement in relation to the sale of the Reel Knob Covers.

(j)     Enter judgment and issue an Order requiring Wal-Mart to pay compensatory damages to Reel Grip, Ltd., including damages under 35 U.S.C. § 284 and 15 U.S.C. § 1117, and that all applicable damages be trebled pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117, together with costs and pre-judgment and post-judgment interest;

(k)     Adjudge and decree that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and award to Reel Grip, Ltd. its costs and reasonable attorney's fees;

(l)     Enter an award for punitive damages; and

(m)     Grant and award any and all relief found necessary and proper under the circumstances.

Respectfully submitted,

/s/ James C. Scott
James C. Scott  (#0053414)
James M. Wherley, Jr.  (#0073932)
Whitney L. Willits (#0089728)
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, South
Suite 1000
Canton, OH  44702
Ph:  330-456-8341
Fax: 330-456-5756
Email:  jscott@bmsa.com
          jwherley@bmsa.com
          wwillits@bmsa.com

*Counsel for Plaintiff, Reel Grip, Ltd.*

## JURY DEMAND

Plaintiff, Reel Grip, Ltd., hereby demands and requests trial by jury of all issues so triable.

Respectfully submitted,

/s/ James C. Scott
James C. Scott  (#0053414)
James M. Wherley, Jr.  (#0073932)
Whitney L. Willits (#0089728)
Black, McCuskey, Souers & Arbaugh
220 Market Avenue, South
Suite 1000
Canton, OH  44702
Ph:  330-456-8341
Fax: 330-456-5756
Email:  jscott@bmsa.com
          jwherley@bmsa.com
          wwillits@bmsa.com

*Counsel for Plaintiff, Reel Grip, Ltd.*

165681